IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FRANCES EARLINE SIMS, individually and as dependent administrator of, and on behalf of, the ESTATE OF STEVEN MITCHELL QUALLS and STEVEN MITCHELL QUALLS' heir(s)-at-law, | § § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:20-CV-00124 JURY DEMANDED |
| VS. | § § | |
| CITY OF JASPER, TEXAS; TODERICK D. GRIFFIN; STERLING RAMON LINEBAUGH; HEATHER RENE O'DELL, and JOSHUA L. HADNOT, | § § § § § | |
| Defendants | § § | |

**DEFENDANTS, CITY OF JASPER, TODERICK D. GRIFFIN, STERLING RAMON LINEBAUGH, HEATHER RENE O'DELL AND JOSHUA L. HADNOT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CITY OF JASPER** ("Jasper" or "Defendant(s)"), **TODERICK D. GRIFFIN** ("Griffin" or "Defendants(s)"), **STERLING RAMON LINEBAUGH** ("Linebaugh" or "Defendant(s)"), **HEATHER RENE O'DELL** ("O'Dell" or "Defendant(s)"), and **JOSHUA L. HADNOT** ("Hadnot" or "Defendant(s)"), Defendants in the above-referenced cause, and files this their Answer to Plaintiff's Original Complaint. When used herein, the term "Plaintiff" is intended to mean any and all persons listed and/or identified as a Plaintiff in this matter, including Plaintiff's decedent Steven Mitchell Qualls, and Claimant Heir.

**I.**

In answer to the numbered paragraphs of Plaintiff's Complaint, Defendants aver:

Introductory Paragraph:    In answer to the introductory paragraph of Plaintiff's Complaint, it is admitted Mitchell Qualls died in the City of Jasper jail; he was in street clothes; was there for at least 34 hours; spoke to nonexistent people; did not form coherent sentences; vomited at least twice with some on his clothes which officers cleaned up and disposed of a baggie, did not seek medical treatment or mental health care for Qualls while he was at the jail on this occasion; otherwise the allegations are denied.

1. In answer to Paragraph 1 of Plaintiff's Complaint, it is admitted.

2. In answer to Paragraph 2 of Plaintiff's Complaint, it is admitted the Defendant has been served, otherwise denied.

3. In answer to Paragraph 3 of Plaintiff's Complaint, it is admitted.

4. In answer to Paragraph 4 of Plaintiff's Complaint, it is admitted.

5. In answer to Paragraph 5 of Plaintiff's Complaint, it is admitted.

6. In answer to Paragraph 6 of Plaintiff's Complaint, it is admitted.

7. In answer to Paragraph 7 of Plaintiff's Complaint, it is admitted except for the claims under the Americans with Disabilities Act and the Rehabilitation Act, which are denied.

8. In answer to Paragraph 8 of Plaintiff's Complaint, it is admitted.

9. In answer to Paragraph 9 of Plaintiff's Complaint, it is admitted.

10. In answer to Paragraph 10 of Plaintiff's Complaint, Defendants can neither admit nor deny as there are no factual allegations contained therein; however, Defendant denies all of Plaintiff's claims have facial plausibility as alleged.

11. In answer to Paragraph 11 of Plaintiff's Complaint, Defendants admit Steven "Mitchell' Qualls was born in 1990 and was 28 years old at the time of his death in the City of Jasper Jail, was tragic and unnecessary due to his consumption of illegal narcotics; otherwise, denied.

12. In answer to Paragraph 12 of Plaintiff's Complaint, Defendants admit the allegations.

13. In answer to Paragraph 13 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: Investigator Hadnot's allegations that Mitchell was in no distress, appeared to be in good health, and similar assertions, and the allegation that he did not need immediate medical assistance, were false. …these "stock" phrases and assertions were used to attempt to cover up a travesty that occurred at the jail, under Investigator Hadnot's watch. Mitchell needed immediate emergency medical intervention, as Investigator Hadnot knew in part from his described experience with the DEA pharmacologist. Surprisingly, even though Investigator Hadnot was directly involved in the events leading to Mitchell's death…; He also instructed her to add things to it that "allegedly" happened before she made the sheet, thus creating evidence after the fact. He did all things referenced in this complaint as a supervisor of other Individual Defendants, and he is liable for claims in this complaint pursuant to supervisor liability, which are denied.

14. In answer to Paragraph 14 of Plaintiff's Complaint, Defendants admit the allegations except where it says the officers and Heather Odell worked January 29, 2019, from 6am-6pm

15. In answer to Paragraph 15 of Plaintiff's Complaint, Defendants admit the allegations.

16. In answer to Paragraph 16 of Plaintiff's Complaint, Defendants admit the allegations.

17. In answer to Paragraph 17 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: Linebaugh did conduct and did not only "intend" to conduct a book-in process; "… this indicated to Officer Linebaugh that Michell had significant health issues; the search conducted by Sergeant Griffin was cursory; street clothes were a clear violation of all known jail standards, unsafe, unreasonable and deliberately indifferent to what

substances Mitchell may have on his person, and the purported intake took no more than approximately eight minutes, which are denied.

18. In answer to Paragraph 19 of Plaintiff's Complaint, Defendants admit the allegations.

19. In answer to Paragraph 10 of Plaintiff's Complaint, Defendants admit the allegations.

20. In answer to Paragraph 20 of Plaintiff's Complaint, Defendants admit the allegations.

21. In answer to Paragraph 21 of Plaintiff's Complaint, Defendants admit the allegations.

22. In answer to Paragraph 22 of Plaintiff's Complaint, Defendants admit the allegations.

23. In answer to Paragraph 23 of Plaintiff's Complaint, Defendants admit the allegations.

24. In answer to Paragraph 24 of Plaintiff's Complaint, Defendants admit the allegations.

25. In answer to Paragraph 25 of Plaintiff's Complaint, Defendants admit the allegations.

26. In answer to Paragraph 26 of Plaintiff's Complaint, Defendants admit the allegations.

27. In answer to Paragraph 27 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: Mitchell screamed as TCO Gray walked down the hallway; TCO Gray "chose" not to engage Mitchell; it was clear that Mitchell was having significant issues; which are denied.

28. In answer to Paragraph 28 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: Mitchell continued to scream out, which are denied.

29. In answer to Paragraph 29 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: Defendants admit Mitchell died and he was alone when he died, but deny the allegation "with no help, after yelling for help, and after no medical or withdrawal treatment whatsoever."

30. In answer to Paragraph 30 of Plaintiff's Complaint, Defendants admit the allegations.

31. In answer to Paragraph 31 of Plaintiff's Complaint, Defendants admit the allegations.

32. In answer to Paragraph 32 of Plaintiff's Complaint, Defendants admit the allegations.

33. In answer to Paragraph 33 of Plaintiff's Complaint, Defendants admit the allegations.

34. In answer to Paragraph 34 of Plaintiff's Complaint, Defendants admit the allegations.

35. In answer to Paragraph 35 of Plaintiff's Complaint, Defendants admit the allegations.

36. In answer to Paragraph 36 of Plaintiff's Complaint, Defendants admit the allegations except the following contentions: ... except as described elsewhere in this pleading (which is so vague Defendants cannot admit or deny); falsely alleged it did not sound like he was in distress; which are denied.

37. In answer to Paragraph 37 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: Apparently a decision was made to ask only the "main questions" on the intake questionnaire, which are denied.

38. In answer to Paragraph 38 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: this deliberate indifference and objective unreasonableness, and clear violation of all known jail standards, upon information and belief, caused, proximately caused, and was a producing cause of Mitchell's death. He was able to, later, upon information and belief, ingest a baggie which he had on him which contained methamphetamine; individual Defendants knew this to be false; which are denied.

39. In answer to Paragraph 39 of Plaintiff's Complaint, Defendants admit the allegations.

40. In answer to Paragraph 40 of Plaintiff's Complaint, Defendants admit the allegations.

41. In answer to Paragraph 41 of Plaintiff's Complaint, Defendants admit Sergeant Griffin believed that Mitchell was intoxicated as a result of drug use; he and Officer Linebaugh checked on Mitchell throughout the night; Sergeant Griffin physically checked on Mitchell for the last

time at around 5:42 a.m., and left the police department after the shift meeting; otherwise, the allegations are denied.

42. In answer to Paragraph 42 of Plaintiff's Complaint, Defendants admit the allegations.

43. In answer to Paragraph 43 of Plaintiff's Complaint, Defendants admit the allegations.

44. In answer to Paragraph 44 of Plaintiff's Complaint, Defendants admit the allegations.

45. In answer to Paragraph 45 of Plaintiff's Complaint, Defendants admit the allegations.

46. In answer to Paragraph 46 of Plaintiff's Complaint, Defendants admit the allegations.

47. In answer to Paragraph 47 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: Officer Linebaugh knew that Mitchell had swallowed a baggie of drugs and needed emergency medical care, but he did nothing about it; which are denied.

48. In answer to Paragraph 48 of Plaintiff's Complaint, Defendants admit the allegations.

49. In answer to Paragraph 49 of Plaintiff's Complaint, Defendants admit the allegations.

50. In answer to Paragraph 50 of Plaintiff's Complaint, Defendants admit the allegation TCO Heather O'Dell provided a statement and was demoted; otherwise, the allegations are denied.

51. In answer to Paragraph 51 of Plaintiff's Complaint, Defendants admit the allegations.

52. In answer to Paragraph 52 of Plaintiff's Complaint, Defendants admit the allegations except for the statement "even though it was obvious that Mitchell needed emergency medical treatment, which is denied.

53. In answer to Paragraph 53 of Plaintiff's Complaint, Defendants admit the allegations.

54. In answer to Paragraph 54 of Plaintiff's Complaint, Defendants admit the allegations except for the allegation he was told he was "sick," which is denied.

55. In answer to Paragraph 55 of Plaintiff's Complaint, Defendants admit the allegations.

56. In answer to Paragraph 56 of Plaintiff's Complaint, Defendants admit the allegations except for the contention "as if any movement at all was extremely painful.", which is denied.

57. In answer to Paragraph 57 of Plaintiff's Complaint, Defendants admit the allegations.

58. In answer to Paragraph 58 of Plaintiff's Complaint, Defendants admit the allegations.

59. In answer to Paragraph 59 of Plaintiff's Complaint, Defendants admit the allegations.

60. In answer to Paragraph 60 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: He did not attempt to confirm whether Mitchell was sleeping or in the alternative deceased; references to "Detective" Peters, and Mitchell had been deceased for quite some time without having been checked; which are denied.

61. In answer to Paragraph 61 of Plaintiff's Complaint, Defendants admit the allegations.

62. In answer to Paragraph 62 of Plaintiff's Complaint, Defendants admit the allegations.

63. In answer to Paragraph 63 of Plaintiff's Complaint, Defendants admit the allegations.

64. In answer to Paragraph 64 of Plaintiff's Complaint, Defendants admit the allegations.

65. In answer to Paragraph 65 of Plaintiff's Complaint, Defendants admit the allegations.

66. In answer to Paragraph 66 of Plaintiff's Complaint, Defendants admit the allegations.

67. In answer to Paragraph 67 of Plaintiff's Complaint, Defendants admit the allegations.

68. In answer to Paragraph 68 of Plaintiff's Complaint, Defendants admit the allegations.

69. In answer to Paragraph 69 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: Clearly, this is not appropriate attire for someone being kept in a jail or holding facility. This is also clear evidence that Individual Defendants and/or other City of Jasper employees were deliberately indifferent regarding searching a known drug abuser for drugs which Mitchell may have had on his person. This is further evidence that City of

Jasper simply dropped Mitchell into a cell, paid virtually no attention to him, and allowed him to suffer and die from a known drug problem; which are denied.

70. In answer to Paragraph 70 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: The summary portion … provided little detail, especially in light of other details discovered by Plaintiff's counsel and included in the complaint, which are denied.

71. In answer to Paragraph 71 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: Defendants admit what was written but do not admit to the accuracy of same, particularly the reference to blood; the statement "which appears to have changed or handwritten after the form was originally completed;" he had obtained this information from one or more Jasper Police Department employees; there is little doubt that Defendants treated him in an objectively unreasonable manner and were deliberately indiffernct to his known serious medical and drug abuse issues; which are denied.

72. In answer to Paragraph 72 of Plaintiff's Complaint, Defendants admit the Jasper Police Department had in place certain policies related to inmates in their jail; otherwise, the allegations are denied as worded.

73. In answer to Paragraph 73 of Plaintiff's Complaint, Defendants admit the allegations except for the contention Jasper Police Department practice and custom were contrary to this written policy, which is denied.

74. In answer to Paragraph 74 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: This was recognition that Jasper knew that its jail was not sufficiently staffed with certified jailers and other appropriate staff to take care of inmates; which are denied.

75. In answer to Paragraph 75 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: Defendants Jasper Police Department practice and custom were contrary to these written policies.

76. In answer to Paragraph 76 of Plaintiff's Complaint, Defendants admit the allegations.

77. In answer to Paragraph 77 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: This provided no guidance at all as to how often a prisoner must be viewed, and it provided for no face-to-face observations; which are denied.

78. In answer to Paragraph 78 of Plaintiff's Complaint, Defendants admit the allegations, except the allegation Japer Police Department practice and custom were contrary to this written policy are denied.

79. In answer to Paragraph 79 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: TCOLE records indicate that each of the Individual Defendants had sufficient experience and/or education to be fully aware that a failure to act reasonably and/or being deliberately indifferent, would violate Mitchell's rights under the United States Constitution, which statement is vague and ambiguous and therefore denied as worded.

80. In answer to Paragraph 80 of Plaintiff's Complaint, Defendants admit the allegations.

81. In answer to Paragraph 81 of Plaintiff's Complaint, Defendants admit the allegations.

82. In answer to Paragraph 82 of Plaintiff's Complaint, Defendants admit the allegations.

83 In answer to Paragraph 83 of Plaintiff's Complaint, Defendants admit the allegations.

84. In answer to Paragraph 84 of Plaintiff's Complaint, Defendants admit the allegations.

85. In answer to Paragraph 85 of Plaintiff's Complaint, Defendants admit the allegations.

86. In answer to Paragraph 86 of Plaintiff's Complaint, Defendants admit the allegations.

87. In answer to Paragraph 87 of Plaintiff's Complaint, Defendants admit the allegations.

88. In answer to Paragraph 88 of Plaintiff's Complaint, Defendants admit the allegations.

89. In answer to Paragraph 89 of Plaintiff's Complaint, Defendants admit the allegations except for the following contentions: "… Hadnot had significant training and experience relevant to claims against him (ambiguous and vague); He knew that he was faced with a dire situation, when dealing with Mitchell, and he did nothing; which are denied.

90. In answer to Paragraph 90 of Plaintiff's Complaint, Defendants deny the allegations as worded.

91. In answer to Paragraph 91 of Plaintiff's Complaint, Defendants deny the allegations.

92. In answer to Paragraph 92 of Plaintiff's Complaint, Defendants deny the allegations, except it is admitted none of the individual Defendants suffered any adverse employment decision or reprimand as a result of the incident.

93. In answer to Paragraph 93 of Plaintiff's Complaint, Defendants would show these allegations contain assertions of law and not facts, and therefore no admission or denial is required, but to the extent one may be required, it is denied Defendants violated any Constitutional rights of the Plaintiff or Plaintiff's decedent and further denied the Plaintiff and/or claimant Heir are entitled to any of the relief sought under the theories alleged, and the individual Defendants are entitled to qualified immunity.

94. In answer to Paragraph 94 of Plaintiff's Complaint, Defendants would show these allegations contain assertions of law and not facts, and therefore no admission or denial is required, but to the extent one may be required, it is denied Defendants violated any Constitutional rights of the Plaintiff or Plaintiff's decedent and further denied the Plaintiff and/or claimant Heir are entitled to any of the relief sought under the theories alleged, and the individual Defendants are entitled to qualified immunity.

95. In answer to Paragraph 95 of Plaintiff's Complaint, Defendants would show these allegations contain assertions of law and not facts, and therefore no admission or denial is required, but to the extent one may be required, it is denied Defendants violated any Constitutional rights of the Plaintiff or Plaintiff's decedent and further denied the Plaintiff and/or Claimant Heir are entitled to any of the relief sought under the theories alleged, and Defendants affirmatively assert the individual Defendants are entitled to qualified immunity.

96. In answer to Paragraph 96 of Plaintiff's Complaint, Defendants deny the allegations.

97. In answer to Paragraph 97 of Plaintiff's Complaint, Defendants would show these allegations contain assertions of law and not facts, and therefore no admission or denial is required, but to the extent one may be required, it is denied Defendants violated any Constitutional rights of the Plaintiff or Plaintiff's decedent and further denied the Plaintiff and/or Claimant Heir are entitled to any of the relief sought under the theories alleged, and Defendants affirmatively assert the individual Defendants are entitled to qualified immunity.

98. In answer to Paragraph 98 of Plaintiff's Complaint, Defendants deny the allegations.

99. In answer to Paragraph 99 of Plaintiff's Complaint, Defendants deny the allegations.

100. In answer to Paragraph 100 of Plaintiff's Complaint, Defendants deny the allegations.

101. In answer to Paragraph 101 of Plaintiff's Complaint, Defendants deny the allegations.

102. In answer to Paragraph 102 of Plaintiff's Complaint, Defendants deny the allegations of liability, and further deny Defendants violated any Constitutional rights of the Plaintiff or Plaintiff's decedent, and further deny the Plaintiff and/or Claimant Heir entitled to any of the relief sought under the theories alleged, and Defendants affirmatively assert the individual Defendants are entitled to qualified immunity.

103. In answer to Paragraph 103 of Plaintiff's Complaint, Defendants deny the allegations of liability, and further deny Defendants violated any Constitutional rights of the Plaintiff or Plaintiff's decedent, and further deny the Plaintiff and/or Claimant heir are entitled to any of the relief sought under the theories alleged, and Defendants affirmatively assert the individual Defendants are entitled to qualified immunity.

104. In answer to Paragraph 104 of Plaintiff's Complaint, Defendants deny the allegations.

105. In answer to Paragraph 105 of Plaintiff's Complaint, Defendants deny the right to recovery of said enumerated damages.

106. In answer to Paragraph 106 of Plaintiff's Complaint, Defendants deny the allegations of liability, and further deny Defendants violated any Constitutional rights of the Plaintiff or Plaintiff's decedent, and further deny the Plaintiff or Claimant Heir are entitled to any of the relief sought under the theories alleged, and Defendants affirmatively assert the individual Defendants are entitled to qualified immunity.

107. In answer to Paragraph 107 of Plaintiff's Complaint, Defendants deny the allegations as these allegations have already been dismissed by the Court.

108. In answer to Paragraph 108 of Plaintiff's Complaint, Defendants deny the allegations as these allegations have already been dismissed by the Court.

109. In answer to Paragraph 109 of Plaintiff's Complaint, Defendants deny the allegations as these allegations have already been dismissed by the Court.

110. In answer to Paragraph 110 of Plaintiff's Complaint, Defendants deny the allegations as these allegations have already been dismissed by the Court.

111. In answer to Paragraph 111 of Plaintiff's Complaint, this paragraph does not require and admission or denial.

112. In answer to Paragraph 112, including its subparts, of Plaintiff's Complaint, Defendants deny the Plaintiff and /or Claimant Heir are entitled to the damages and/or relief sought therein.

## GENERAL DENIAL

### II.

113. Further answering Plaintiff's Complaint, if such be necessary, and without waiving the above or subsequent affirmative defenses, but ever insisting upon each of them, Defendants generally deny each and every, all and singular the allegations of Plaintiff's Complaint and states that same are not true, in whole or in part, and demands strict proof thereof.

## AFFIRMATIVE DEFENES

### III.

114. By way of further affirmative defense, and if necessary in the alternative, Defendants would show that if the Plaintiff and/or Claimant's Heir sustained any damages, as alleged, it was due to Plaintiff's decedent's own conduct, and that any alleged damages, if any, were solely, directly, and/or proximately caused and/or contributed to by one or more negligent and/or intentional acts, wrongs, or omissions of the Plaintiff's decedent, or misconduct by the Plaintiff's decedent, including becoming intoxicated on this occasion, and repeatedly previous to this occassion, by the use of illegal substances.

115. By way of further affirmative defense, and if necessary in the alternative, Defendants plead the Doctrine of good faith/qualified and/or absolute immunity under both state and federal law.

116. By way of further affirmative defense, and if necessary in the alternative, Defendants deny that Plaintiff and/or Claimant Heir sustained any damages which were caused or produced by any wrongful actions or omissions of Defendants.

117. By way of further affirmative defense, and if necessary in the alternative, Defendants respectfully state Defendants acted at all times with proper motives.

118. By way of further affirmative defense, and if necessary in the alternative, Defendants respectfully state Defendants acted at all times with just cause and in good faith.

119. By way of further affirmative defense, and if necessary in the alternative, Defendants respectfully state Defendants acted with the reasonable belief in the propriety of Defendants' actions.

120. By way of further affirmative defense, and if necessary in the alternative, Defendants respectfully state the individual Defendants acted at all times in Defendants' official capacity.

121. By way of further affirmative defense, and if necessary in the alternative, Defendants respectfully state Defendants acted in good faith and within the scope of Defendants' employment and discretionary powers and Defendants' actions were discretionary in nature.

122. By way of further affirmative defense, and if necessary in the alternative, Defendants respectfully state Defendants acted in reliance upon the laws of the State of Texas, which are, and at all times pertinent hereto, valid and constitutional.

123. By way of further affirmative defense, and if necessary in the alternative, Defendants respectfully state Defendants' actions were reasonable, objectively and otherwise, under the circumstances then existing.

124. By way of further affirmative defense, and if necessary in the alternative, Defendants respectfully state Defendants did not violate any clearly established law on the dates of the incident in question.

125. By way of further affirmative defense, and if necessary in the alternative, Defendants respectfully state that pursuant to 42 U.S.C. § 1988, Defendants are entitled to reasonable attorney fees for each count of Plaintiff's Complaint upon which Defendants prevail. Additionally, all claims of Plaintiff are frivolous and made for the purpose of harassment, and alternatively, in the event of dismissal or judgment against Plaintiff, Defendants request reasonable attorney fees as part of costs of court or as a sanction against Plaintiff and additionally request that judgment issue against Plaintiff by way of sanctions in the amount of damages pled by Plaintiffs.

126. By way of further affirmative defense, and if necessary in the alternative, Defendants invoke the defenses available under TEX. CIV. PRAC. & REM. CODE § 101.056, and furthermore state any alleged action or inaction by Defendants involved a discretionary power for which Defendants are exempted from liability under the Texas Tort Claims Act.

127. By way of further affirmative defense, and if necessary in the alternative, Defendants assert exemption from liability for exemplary damages pursuant to TEX. CIV. PRAC. & REM. CODE § 101.024.

128. By way of further affirmative defense, and if necessary in the alternative, Defendants invoke each and every defense and limitation available under Title 5 of the TEXAS CIVIL

PRACTICE AND REMEDIES CODE regarding Governmental Liability for tort claims, and specifically assert Defendants rights to governmental/sovereign immunity in the above-referenced cause of action.

129. By way of further affirmative defense, and if necessary in the alternative, Defendants assert each and every defense under TEX. CIV. PRAC. & REM. CODE §101.023 regarding limitation of amount of liability.

130. By way of further affirmative defense, and if necessary in the alternative, Defendants invoke the defenses regarding immunity available under § 101.001 *et seq.* of the TEX. CIV. PRAC. & REM. CODE.

131. By way of further affirmative defense, and if necessary in the alternative, Defendants further assert immunity from liability under TEX. CIV. PRAC. & REM. CODE §§ 101.057(2).

132. By way of further affirmative defense, and if necessary in the alternative, Defendants further assert the claims made the basis of this cause of action involve allegations concerning governmental functions for which Defendants are either protected from liability or exempted from liability under state common law (absolute, qualified and/or governmental immunity) and the Texas Tort Claims Act.

133. By way of further affirmative defense, and if necessary in the alternative, Defendants assert Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE as it deals with proportionate responsibility.

134. By way of further affirmative defense, and if necessary in the alternative, Defendants assert Defendants were neither negligent nor did Defendants deprive Plaintiff of any rights, privileges, or immunities secured by the Constitution and laws of the United States while acting under color of State law.

135. By way of further affirmative defense, and if necessary in the alternative, Defendants further assert Defendants did not violate any right of Plaintiff guaranteed under the United States Constitution, did not act unreasonably, did not act with deliberate indifference or reckless disregard to the Constitutional or other rights of the Plaintiff.

136. By way of further affirmative defense, and if necessary in the alternative, Defendants assert Defendants did not violate any civil right of the Plaintiff, that no policy, custom or practice by the City of Jasper was a driving force and/or proximate, producing and/or direct cause of any damages to the Plaintiff, or the violation of any Constitutional right of the Plaintiff. Additionally, no unconstitutional policy, practice or custom was approved by or attributable to any policymaker for the City of Jasper.

137. By way of further affirmative defense, and if necessary in the alternative, Defendants further assert that to the extent Plaintiff's claims pursuant to 42 U.S.C. § 1983 are based on negligence, they are disallowed. *Daniels v. Williams,* 474 U.S. 327, 333, 88 L.Ed.2d 662, 669, 106 S.Ct. 662 (1996).

138. By way of further affirmative defense, and if necessary in the alternative, Defendants state Defendants did not violate Plaintiff's rights under either the Texas state or Federal Constitution, the 14th Amendment involving inadequate medical care, whether related to conditions of confinement or episodic acts and/or omissions.

139. By way of further affirmative defense, and if necessary in the alternative, Defendants specifically deny they violated any clearly established law, there were any unconstitutional acts or omissions by Defendants which were a producing, proximate or direct cause, or the moving force behind, any of the alleged damages to Plaintiff, Plaintiff's decedent, and/or Claimant Heir.

140. By way of further affirmative defense, and if necessary in the alternative, to the extent Plaintiff is making any allegations against the individual officer for state law violations, Defendants assert the provisions of TEX. CIV. PRAC. & REM.CODE § 101.106.

141. Defendants further state that, to the extent punitive damages are pled, Plaintiff and Claimant Heir cannot recovery punitive damages against Defendants as they committed no willful, grossly negligent or intentional acts calculated to injure Plaintiff or cause his death.

142. By way of further affirmative defense, and if necessary, in the alternative, Defendants further assert that the punitive or exemplary damages sought in this case are inappropriate and impermissible under law due to the following:

   (a) Punitive or exemplary damages are criminal, or quasi-criminal in nature, and the Plaintiff/Claimant Heir should be required to prove the basis of such damages beyond a reasonable doubt and the failure to require the same is a denial of due process under law and a denial of equal protection of the law as prescribed under the United States Constitution and the Constitution of the State of Texas, or other applicable state constitution.

   (b) An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the United States Constitution and the Constitution of the State of Texas.

   (c) It is a denial of due process of law and of equal protection of the law under the United States Constitution and the Constitution of the State of Texas, to permit a corporation to be vicariously liable for punitive or exemplary damages which were awarded on the basis of alleged acts or omissions of employees, agents, or representatives of the corporation under the doctrine of respondeat superior or any other vicarious liability doctrine.

   (d) Punitive of exemplary damages provide unjust enrichment by reason of the unconstitutional taking of property without due process as provided under the United States Constitution and the Constitution of the State of Texas.

   (e) Under applicable law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that both on its face and in application, that it denies Defendants due process of law and equal protection of the law as provided under the United States Constitution and the Constitution of the State of Texas.

(f) Under applicable law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law and further prevents effective judicial review of such punitive damage awards.

(g) Under applicable law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily identified in advance so as to guide the behavior of individuals and their actions, thus constituting an ex-post facto law specifically prohibited by the United States Constitution and the Constitution of the State of Texas.

(h) An award of punitive and exemplary damages would violate the excessive fines clause of the Eighth Amendment as applied to the Fourteenth Amendment of the United States Constitution.

(i) An award of punitive and exemplary damages in this case would improperly punish Defendants multiple times for the same conduct and violates the United States Constitution and the Constitution of the State of Texas.

143. By way of further affirmative defense, and if necessary in the alternative, Defendants assert that Plaintiff and Claimant Heir are not entitled to punitive or exemplary damages because a recovery of the same against Defendants would violate Defendants' rights under the United State Constitution and Texas Constitution because of the lack of sufficient and proper standards, guidelines, and procedures governing such an award, or same are not allowed under federal law.

144. If the court rejects Defendants' defense that an award of punitive damages would be unconstitutional, then Defendants invoke Chapter 41 of the Texas Civil Practice and Remedies Code or similar statutes or case law which limit or eliminate an award of punitive damages.

145. By way of further affirmative defense, and if necessary, in the alternative, Defendants assert there is no bystander liability applicable to the facts of this case, there was no policy, custom or practice of denying medical care to incarcerated persons such as Plaintiff's decedent, Plaintiff was brought to the Jasper Jail after being discharged from the hospital, and Plaintiff's decedent's conduct on this occasion was similar to how he acted on previous occasions, and

plaintiff was adequately searched and there is no requirement imposed upon a city jail to remove street clothes from inmates.

146.  By way of further affirmative defense, and if necessary, in the alternative, Defendants reserve the right to further plead such exceptions and affirmative defenses as required in order that justice may be had at the trial of this matter on its merits.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Plaintiff and Claimant Heir take nothing by reason of this lawsuit and that Defendants recover their costs, and for such other and further relief, both general and special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**CALVERT EAVES CLARKE & STELLY, L.L.P.**
Beaumont Tower
2615 Calder Avenue, Suite 1070
Beaumont, Texas 77702
Phone: (409) 832-8885
Fax:    (409) 832-8886
By: _____
Frank D. Calvert
Texas State Bar No.: 03667700
fcalvert@calvert-eaves.com
F. Blair Clarke
Texas State Bar No.: 04316560
fbclarke@calvert-eaves.com.
**ATTORNEYS FOR DEFENDANT, CITY OF JASPER, TODERICK D. GRIFFIN, STERLING RAMON LINEBAUGH, HEATHER RENEEE O'DELL AND JOSHUA L. HADNOT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished to all counsel of record by electronic filing on this 2nd day of February, 2021.

Frank D. Calvert