UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| FRANCES EARLINE SIMS, individually and as dependent administrator of, and on behalf of, the ESTATE OF STEVEN MITCHELL QUALLS and STEVEN MITCHELL QUALLS' heir(s)-at-law, | §§§§§§ |
| Plaintiff, | § CIV. ACT. NO. 1:20-CV-00124-MJT |
| v. | §§ JURY DEMANDED |
| CITY OF JASPER, TEXAS; TODERICK D. GRIFFIN; STERLING RAMON LINEBAUGH; HEATHER RENE O'DELL, and JOSHUA L. HADNOT, | §§§§§§ |
| Defendants. | § |

## PLAINTIFF'S MOTION *IN LIMINE*

TO THE HONORABLE JUDGE OF SAID COURT:

Before *voir dire* examination of the jury panel, and out of the presence and hearing of the jury panel, Plaintiff, Frances Earline Sims, makes this motion *in limine*. Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If any of the parties inject these matters into the trial of this case through a party, an attorney, or a witness, it would cause irreparable harm to Plaintiff's case that no jury instruction could cure. If any of these matters are brought to the attention of the jury, directly or indirectly, Plaintiff would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiff urges this motion *in limine*.

The evidentiary rules on which this motion is based are unequivocal. Under Fed. R. Evid. 401 and 402, only relevant evidence is admissible, and evidence is only relevant if it tends to make a fact that is of consequence to the action more or less probable. But even if evidence has

some arguable relevance, the Court has wide discretion to exclude it under Fed. R. Evid. 403 when its probative value is outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. In addition, some of the evidence described below implicates Fed. R. Evid. 404(b)(1), which governs the admissibility of other crimes, wrongs, or acts and states that such evidence "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Plaintiff asks the Court to instruct Defendants and Defendants' counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the following numbered matters without first obtaining leave of the Court outside the presence and hearing of the jury, and to instruct Defendants and Defendants' counsel to warn and caution all of their witnesses to follow the same instructions.

### A. General Courtroom Conduct and Statements.

A1. The effect of the answers to the questions submitted by the Court to the jury in this case, except with respect to the damage issues which are predicated upon a finding of liability on the part of Defendants (and thus the jury is already apprised of the effect of the answers). Instructions concerning the answering the written questions submitted to the jury are the province of the Court. Fed. R. Evid. 49 & 51.

A2. Any failure of Plaintiff to produce, call, and/or subpoena a witness who is equally available to the other parties, making Plaintiff's alleged failure irrelevant. Fed. R. Evid. 401.

A3. That oral testimony is not evidence. Fed. R. Evid. 601 & 602.

A4. Any attempts to use any of Plaintiff's counsel's demonstrative exhibits, trial boards, easels, drawings, or trial materials or office supplies, and any requests by Defendants' counsel to Plaintiff's counsel to take any actions (including displaying exhibits or playing audio or video recordings). Fed. R. Evid. 401-403.

A5. Any settlement offers, demands, negotiations, conduct, or statements made in compromise negotiations or mediation proceedings. Evidence of settlement negotiations is inadmissible. Fed. R. Evid. 408.

A6. That a juror should place himself or herself in the position of any party in this cause when determining the answers to any questions in this case. Fed. R. Evid. 401.

A7. That Plaintiff allegedly did not fully comply with all discovery requests. Defendants have not filed any motions to compel pursuant to Fed. R. Civ. P. 37 to address any concerns about deficient discovery.

A8. The testimony of any person, expert or otherwise, not appropriately revealed by the parties in original or timely supplemented discovery. Fed. R. Civ. P. 37(c) mandates exclusion of any individuals not disclosed pursuant to Fed. R. Civ. P. 26(a)(1) unless the party failing to disclose shows that the failure "was substantially justified or is harmless." *JMC Constr. LP v. Modular Corp.*, No. 3:07-cv-01925, 2008 WL 11425650 at *3, 2008 U.S. Dist. LEXIS 121618 (N.D. Tex. October 28, 2008). See *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993).

A9. The probable testimony of a witness who is absent, unavailable, or not called to testify in this cause, as such is inadmissible hearsay pursuant to Fed. R. Civ. P. 801-802.

A10. Testimony or opinion presented by a purported expert witness which goes beyond the testimony or opinion contained in that expert's report or deposition. Fed. R. Civ. P. 26(a)(2)(B).

A11. That any party desires to bring additional evidence to the attention of the jury but is prevented from doing so by action of the Court or opposing counsel. Fed. R. Evid. 401 & 402.

A12. Any reference to Defendants' respective financial conditions, abilities, or inabilities to pay any judgment, to the existence or non-existence of insurance or indemnification to cover any potential judgment, or to the ultimate payor of any judgment against any Defendant. Fed. R. Evid. 401-403.

A13. Any questions or references to the financial, accounting, or income information, sources and records of any expert witness called to testify on behalf of Plaintiff at the trial of this case, other than any income received for expert consultation in this or other litigation or claims. Fed. R. Evid. 401-403.

A14. Any reference to this motion in limine or to any ruling by the Court in response to the motion. Fed. R. Evid. 401-403.

### B. Attorney-Client Communications.

B1. Any reference to the date, time, or circumstances under which Plaintiff employed Plaintiff's counsel. Fed. R. Evid. 401-403 & 501-502.

B2. Any reference to the fee arrangement between Plaintiff and Plaintiff's counsel. Fed. R. Evid. 401-403 & 501-502.

### C.  Other Claims / Unpled, Undisclosed, and Improper Defenses.

C1. Any reference concerning any other lawsuits, claims (including insurance claims), complaints, proceedings, or governmental agency matters, past or present, in which Plaintiff was or is a party, complainant, or respondent.  Fed. R. Evid. 401-403.

C2. Any reference to any purported affirmative defense (or supporting evidence) not asserted in Defendants' timely-filed pleadings.  Fed R. Civ. P. 8(c).

C3. Any reference concerning non-prescription or illegal drug use, alcohol use, or tobacco use by Plaintiff.  Fed. R. Evid. 401-403.

C4. Any allegation or implication that any healthcare providers treating Steven Mitchell Qualls were negligent, acted inappropriately, and/or committed medical malpractice.  This case is brought pursuant to 42 U.S.C. § 1983, under which there is no comparative fault or responsible third parties.  Proportionate responsibility schemes conflict with the policies underlying civil rights litigation.  *See Mims v. Dallas Cnty.*, No. 3:04-cv-2754, 2006 WL 398177 (N.D. Tex. Feb. 17, 2006); *Moran v. Summers*, No. 1:15-cv-00769, 2016 WL 1610611 (W.D. Tex. Apr. 20, 2016).  Consequently, the conduct of any healthcare provider is irrelevant pursuant to Fed. R. Evid. 401-403.

C5. Any evidence or questions regarding Plaintiff's employment and/or income history, as Plaintiff does not maintain a lost wage or loss of income claim for her wages or income.  Fed. R. Evid. 401-403.

C6. Any evidence or questions regarding Steven Mitchell Qualls's employment or income history, as Plaintiff does not maintain a lost wage or loss of income claim for his wages or income.  Fed. R. Evid. 401-403.

### D.  Crimes/Arrests.

D1.    That Plaintiff has been accused of, arrested for, indicted, investigated for, or charged with any criminal or penal code violation.  Plaintiff's involvement in the events is not such that any alleged or actual criminal or penal code violation on her part would be relevant, and the probative value of admitting such evidence does not outweigh its prejudicial effect.  Fed. R. Evid. 401-404.

D2.    That Steven Mitchell Qualls has been accused of, arrested for, indicted, investigated for, or charged with any criminal or penal code violation other than the allegation for which he was arrested on January 28, 2019.  No alleged or actual criminal or penal code violation prior to the incident made the basis of this litigation on the part of Steven Mitchell Qualls would be relevant, and the probative value of admitting such evidence does not outweigh its prejudicial effect.  Fed. R. Evid. 401-404.

D3.    Any reference related to Plaintiff's or Steven Mitchell Qualls's having any interactions with any law enforcement prior to January 28, 2019.  Such has nothing to do with whether the constitutional rights of Steven Mitchell Qualls were violated during his incarceration in the City of Jasper jail and the probative value of admitting such evidence does not outweigh its prejudicial effect.  Fed. R. Evid. 401-404.

### E.  Improper Motives / Impugning Integrity.

E1.    Any mention in substance that (1) any counsel allegedly files suits to obtain attorneys' fees; (2) "this case is all about attorneys' fees;" (3) that any person or counsel might be made rich or wealthy as a result of this lawsuit; and/or (4) this lawsuit is a "lottery ticket" being held by any person.  Fed. R. Evid. 401-404.

E2. Any reference indicating or implying that Plaintiff's counsel improperly edited videotaped depositions and/or failed to present in substance "the whole story" by offering only portions of videotaped depositions, which would be irrelevant pursuant to Fed. R. Evid. 401-403. Recourse for any allegedly foreshortened deposition testimony is appropriately found – outside the presence of the jury – in triggering Fed. R. Evid. 106.

E3. Any suggestion that damages available under applicable law would amount to a windfall to any person or be unfair to Defendants. Fed. R. Evid. 401-403.

E4. That any recovery either would or would not be subject to federal income tax or any other form of taxation. Fed. R. Evid. 401-403.

E5. Any claim or statement that courts are overloaded due to cases such as this or similar cases or references to or statements regarding "too many lawsuits" or "too much litigation." Fed. R. Evid. 401-403.

E6. That Plaintiff would be able to recover interest on any damages that may be awarded. Fed. R. Evid. 401-403.

E7. Any reference to Plaintiff's financial condition or status, or whether Plaintiff is a recipient of any government benefits, whether through Medicaid, Social Security Disability, or any other governmental program. Fed. R. Evid. 401-403. *See also Fruge v. B.J. Serv. Co.*, No. 5:07-cv-01025, 2009 WL 1408933 (W.D. La. May 18, 2009).

E8. Any mention that Plaintiff has received monetary payments from any collateral source and/or similar evidence which would violate the collateral source rule. These are collateral sources and evidence concerning collateral sources is inadmissible. *See Fruge v. B.J. Serv. Co.*, No. 5:07-cv-01025, 2009 WL 1408933 (W.D. La. May 18, 2009).

## F. Medical Treatment and Expenses.

F1. Any assertion that Plaintiff and/or Steven Mitchell Qualls failed to mitigate damages or were comparatively at fault for liability or damages. This case is brought pursuant to 42 U.S.C. § 1983, under which there is no comparative fault or responsible third parties. Proportionate responsibility schemes conflict with the policies underlying civil rights litigation. *See Mims v. Dallas Cnty.*, No. 3:04-cv-2754, 2006 WL 398177 (N.D. Tex. Feb. 17, 2006); *Moran v. Summers*, No. 1:15-cv-00769, 2016 WL 1610611 (W.D. Tex. Apr. 20, 2016). Consequently, any such assertions are irrelevant pursuant to Fed. R. Evid. 401-403.

F2. Any mention, argument, or testimony using the terms "possibly," "perhaps," and "could have," or similar terms, as it relates to causation for Steven Mitchell Qualls's injuries or illness, whether from the incident giving rise to the filing of this lawsuit or any alleged prior incident in which Steven Mitchell Qualls was allegedly injured. Counsel's mentions and arguments must be based on evidence properly admitted and speculation in testimony is not appropriate. Fed. R. Evid. 602.

F3. Any request for jury members to "use their common sense" as to causation and issues which require competent expert testimony, such as causation of injuries and death outside the purview of a layperson. Fed. R. Evid. 401-403 & 702.

## G. Other.

G1. Any reference to a claim that Steven Mitchell Qualls's rights to reasonable medical/mental health care, to be protected, and not to be punished as a pretrial detainee were not clearly established. This is a question of law that should be determined by the Court.

G2. Any reference to the existence or circumstances of any marital or romantic relationship of Steven Mitchell Qualls beyond that necessary to determine the parentage of Steven Mitchell Qualls's child. Fed. R. Evid. 401-403.

G3. Any reference that Steven Mitchell Qualls's child received Social Security or any other benefit(s) as a result of the death of Steven Mitchell Qualls. Fed. R. Evid. 401-403. *See also Fruge v. B.J. Serv. Co.*, No. 5:07-cv-01025, 2009 WL 1408933 (W.D. La. May 18, 2009).

G4. Any reference to rulings pertaining to the testimony of Plaintiff's experts in any case or appeal. Judicial findings in other cases pertaining to experts are generally inadmissible hearsay. *Green v. City of Mission*, 2019 WL 3217033 (S.D. Tex. July 17, 2019). Moreover, any such reference attacking the reliability of the expert's testimony would tread on the Court's gatekeeping function under *Daubert* and attempt to shift that role to the jury instead. Additionally, Defendant did not timely move to exclude or disqualify any of Plaintiff's experts. The Court's scheduling order (Doc. 29) of June 23, 2020, required that such objections be made by December 4, 2020.

G5. Any reference to any alleged failure on the part of any person to take any action on January 28, 2019, to provide Steven Mitchell Qualls with transportation from the hospital, to prevent interaction between Steven Mitchell Qualls and the police, or to prevent his arrest or incarceration by the City of Jasper, Texas, police department. This case is brought pursuant to 42 U.S.C. § 1983, under which there is no comparative fault or responsible third parties. Proportionate responsibility schemes conflict with the policies underlying civil rights litigation. *See Mims v. Dallas Cnty.*, No. 3:04-cv-2754, 2006 WL 398177 (N.D. Tex. Feb. 17, 2006); *Moran v. Summers*, No. 1:15-cv-00769, 2016 WL 1610611 (W.D. Tex. Apr. 20, 2016). Consequently, any such references are irrelevant pursuant to Fed. R. Evid. 401-403.

Additionally, Defendants' obligation to protect Steven Mitchell Qualls's constitutional rights was absolute once he was in their custody, regardless of his reasons for being there or how or whether his being taken into custody could have been prevented.  Fed. R. Evid. 401-403.

  G6. Any reference to any alleged failure on the part of any person to end the incarceration of Steven Mitchell Qualls through the provision of bail or bond or any other action which might have served to remove him from the custody of the City of Jasper prior to his death.  This case is brought pursuant to 42 U.S.C. § 1983, under which there is no comparative fault or responsible third parties.  Proportionate responsibility schemes conflict with the policies underlying civil rights litigation.  *See Mims v. Dallas Cnty.*, No. 3:04-cv-2754, 2006 WL 398177 (N.D. Tex. Feb. 17, 2006); *Moran v. Summers*, No. 1:15-cv-00769, 2016 WL 1610611 (W.D. Tex. Apr. 20, 2016).  Consequently, any such references are irrelevant pursuant to Fed. R. Evid. 401-403.  Additionally, Defendants' obligation to protect Steven Mitchell Qualls's constitutional rights was absolute once he was in their custody, regardless of his reasons for being there or how or whether his being taken into custody could have been prevented.  Fed. R. Evid. 401-403.

Respectfully submitted,

Law Offices of Dean Malone, P.C.

By:    /s/   Kristen Leigh Homyk
      Kristen Leigh Homyk

Attorney-in-Charge:

T. Dean Malone
Texas State Bar No. 24003265
dean@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:   (214) 670-9989
Telefax:      (214) 670-9904

Of Counsel:

Michael T. O'Connor
Texas State Bar No. 24032922
michael.oconnor@deanmalone.com
Kristen Leigh Homyk
Texas State Bar No. 24032433
kristen.homyk@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:   (214) 670-9989
Telefax:      (214) 670-9904

Attorneys for Plaintiff

## CERTIFICATE OF CONFERENCE

Counsel for all parties have conferenced, and Defendants are opposed to this motion.

                                                /s/ Kristen Leigh Homyk
                                                Kristen Leigh Homyk

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a notice of electronic filing to the following attorneys:

Frank D. Calvert (fcalvert@calvert-eaves.com)
F. Blair Clarke (fbclarke@calvert-eaves.com)
Calvert Eaves Clarke & Stelly, L.L.P.
Beaumont Tower
2615 Calder Ave., Suite 1070
Beaumont, Texas 77702

Attorneys for Defendant, City of Jasper, Texas, Toderick D. Griffin, Sterling Ramon Linebaugh, Heather O'Dell, and Joshua L. Hadnot

                                          /s/   Kristen Leigh Homyk
                                             Kristen Leigh Homyk