UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FRANCES EARLINE SIMS, individually and as dependent administrator of, and on behalf of, the ESTATE OF STEVEN MITCHELL QUALLS and STEVEN MITCHELL QUALLS' heir(s)-at-law, | § § § § § § | |
| Plaintiff, | § § | CIV. ACT. NO. 1:20-CV-00124-MJT |
| v. | § § | JURY DEMANDED |
| CITY OF JASPER, TEXAS; TODERICK D. GRIFFIN; STERLING RAMON LINEBAUGH; HEATHER RENE O'DELL, and JOSHUA L. HADNOT, | § § § § § § | |
| Defendants. | § | |

## ORDER ON PLAINTIFF'S MOTION IN LIMINE

Came on to be considered Plaintiff's Motion in Limine and arguments of Counsel. The Court ORDERS Defendants and Defendants' counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the following GRANTED matters without first obtaining leave of the Court outside the presence and hearing of the jury, and to instruct Defendants and Defendants' counsel to warn and caution all of their witnesses to follow the same instructions.

## A. General Courtroom Conduct and Statements.

A1.  The effect of the answers to the questions submitted by the Court to the jury in this case, except with respect to the damage issues which are predicated upon a finding of liability on the part of Defendants (and thus the jury is already apprised of the effect of the answers).

GRANTED: _____ / DENIED: _____

A2.  Any failure of Plaintiff to produce, call, and/or subpoena a witness who is equally available to the other parties, making Plaintiff's alleged failure irrelevant.

GRANTED: _____ / DENIED: _____

A3.  That oral testimony is not evidence.

GRANTED: _____ / DENIED: _____

A4.  Any attempts to use any of Plaintiff's counsel's demonstrative exhibits, trial boards, easels, drawings, or trial materials or office supplies, and any requests by Defendants' counsel to Plaintiff's counsel to take any actions (including displaying exhibits or playing audio or video recordings).

GRANTED: _____ / DENIED: _____

A5.  Any settlement offers, demands, negotiations, conduct, or statements made in compromise negotiations or mediation proceedings.

GRANTED: _____ / DENIED: _____

A6.  That a juror should place himself or herself in the position of any party in this cause when determining the answers to any questions in this case.

GRANTED: _____ / DENIED: _____

A7.  That Plaintiff allegedly did not fully comply with all discovery requests.

GRANTED: _____ / DENIED: _____

A8.  The testimony of any person, expert or otherwise, not appropriately revealed by the parties in original or timely supplemented discovery.

GRANTED: _____ / DENIED: _____

A9.  The probable testimony of a witness who is absent, unavailable, or not called to testify in this cause.

GRANTED: _____ / DENIED: _____

A10.  Testimony or opinion presented by a purported expert witness which goes beyond the testimony or opinion contained in that expert's report or deposition.

GRANTED: _____ / DENIED: _____

A11.  That any party desires to bring additional evidence to the attention of the jury but is prevented from doing so by action of the Court or opposing counsel.

GRANTED: _____ / DENIED: _____

A12.  Any reference to Defendants' respective financial conditions, abilities, or inabilities to pay any judgment, to the existence or non-existence of insurance or indemnification to cover any potential judgment, or to the ultimate payor of any judgment against any Defendant.

GRANTED: _____ / DENIED: _____

A13.  Any questions or references to the financial, accounting, or income information, sources and records of any expert witness called to testify on behalf of Plaintiff at the trial of this case, other than any income received for expert consultation in this or other litigation or claims.

GRANTED: _____ / DENIED: _____

A14.  Any reference to this motion in limine or to any ruling by the Court in response to the motion.

GRANTED: _____ / DENIED: _____

### B. Attorney-Client Communications.

B1.  Any reference to the date, time, or circumstances under which Plaintiff employed Plaintiff's counsel.

GRANTED: _____ / DENIED: _____

B2.  Any reference to the fee arrangement between Plaintiff and Plaintiff's counsel.

GRANTED: _____ / DENIED: _____

### C. Other Claims / Unpled, Undisclosed, and Improper Defenses.

C1.  Any reference concerning any other lawsuits, claims (including insurance claims), complaints, proceedings, or governmental agency matters, past or present, in which Plaintiff was or is a party, complainant, or respondent.

GRANTED: _____ / DENIED: _____

C2.  Any reference to any purported affirmative defense (or supporting evidence) not asserted in Defendants' timely-filed pleadings.

GRANTED: _____ / DENIED: _____

C3.  Any reference concerning non-prescription or illegal drug use, alcohol use, or tobacco use by Plaintiff.

GRANTED: _____ / DENIED: _____

C4.   Any allegation or implication that any healthcare providers treating Steven Mitchell Qualls were negligent, acted inappropriately, and/or committed medical malpractice.

GRANTED: _____ / DENIED: _____

C5.   Any evidence or questions regarding Plaintiff's employment and/or income history, as Plaintiff does not maintain a lost wage or loss of income claim for her wages or income.

GRANTED: _____ / DENIED: _____

C6.   Any evidence or questions regarding Steven Mitchell Qualls's employment or income history, as Plaintiff does not maintain a lost wage or loss of income claim for his wages or income.

GRANTED: _____ / DENIED: _____

### D.  Crimes/Arrests.

D1.   That Plaintiff has been accused of, arrested for, indicted, investigated for, or charged with any criminal or penal code violation.

GRANTED: _____ / DENIED: _____

D2.   That Steven Mitchell Qualls has been accused of, arrested for, indicted, investigated for, or charged with any criminal or penal code violation other than the allegation for which he was arrested on January 28, 2019.

GRANTED: _____ / DENIED: _____

D3.     Any reference related to Plaintiff's or Steven Mitchell Qualls's having any interactions with any law enforcement prior to January 28, 2019.  Such has nothing to do with whether the constitutional rights of Steven Mitchell Qualls were violated during his incarceration in the City of Jasper jail and the probative value of admitting such evidence does not outweigh its prejudicial effect.

GRANTED: _____ / DENIED: _____

**E.  Improper Motives / Impugning Integrity.**

E1.   Any mention in substance that (1) any counsel allegedly files suits to obtain attorneys' fees; (2) "this case is all about attorneys' fees;" (3) that any person or counsel might be made rich or wealthy as a result of this lawsuit; and/or (4) this lawsuit is a "lottery ticket" being held by any person.

GRANTED: _____ / DENIED: _____

E2.   Any reference indicating or implying that Plaintiff's counsel improperly edited videotaped depositions and/or failed to present in substance "the whole story" by offering only portions of videotaped depositions.

GRANTED: _____ / DENIED: _____

E3.   Any suggestion that damages available under applicable law would amount to a windfall to any person or be unfair to Defendants.

GRANTED: _____ / DENIED: _____

E4.   That any recovery either would or would not be subject to federal income tax or any other form of taxation.

GRANTED: _____ / DENIED: _____

E5. Any claim or statement that courts are overloaded due to cases such as this or similar cases or references to or statements regarding "too many lawsuits" or "too much litigation."

GRANTED: _____ / DENIED: _____

E6. That Plaintiff would be able to recover interest on any damages that may be awarded.

GRANTED: _____ / DENIED: _____

E7. Any reference to Plaintiff's financial condition or status, or whether Plaintiff is a recipient of any government benefits, whether through Medicaid, Social Security Disability, or any other governmental program.

GRANTED: _____ / DENIED: _____

E8. Any mention that Plaintiff has received monetary payments from any collateral source and/or similar evidence which would violate the collateral source rule.

GRANTED: _____ / DENIED: _____

**F. Medical Treatment and Expenses.**

F1. Any assertion that Plaintiff and/or Steven Mitchell Qualls failed to mitigate damages or were comparatively at fault for liability or damages.

GRANTED: _____ / DENIED: _____

F2.     Any mention, argument, or testimony using the terms "possibly," "perhaps," and "could have," or similar terms, as it relates to causation for Steven Mitchell Qualls's injuries or illness, whether from the incident giving rise to the filing of this lawsuit or any alleged prior incident in which Steven Mitchell Qualls was allegedly injured.

GRANTED: _____ / DENIED: _____

F3.     Any request for jury members to "use their common sense" as to causation and issues which require competent expert testimony, such as causation of injuries and death outside the purview of a layperson.

GRANTED: _____ / DENIED: _____

## G. Other.

G1.     Any reference to a claim that Steven Mitchell Qualls's rights to reasonable medical/mental health care, to be protected, and not to be punished as a pretrial detainee were not clearly established.

GRANTED: _____ / DENIED: _____

G2.     Any reference to the existence or circumstances of any marital or romantic relationship of Steven Mitchell Qualls beyond that necessary to determine the parentage of Steven Mitchell Qualls's child.

GRANTED: _____ / DENIED: _____

G3.     Any reference that Steven Mitchell Qualls's child received Social Security or any other benefit(s) as a result of the death of Steven Mitchell Qualls.

GRANTED: _____ / DENIED: _____

G4.     Any reference to rulings pertaining to the testimony of Plaintiff's experts in any case or appeal.

GRANTED: _____ / DENIED: _____

G5.     Any reference to any alleged failure on the part of any person to take any action on January 28, 2019, to provide Steven Mitchell Qualls with transportation from the hospital, to prevent interaction between Steven Mitchell Qualls and the police, or to prevent his arrest or incarceration by the City of Jasper, Texas, police department.

GRANTED: _____ / DENIED: _____

G6.     Any reference to any alleged failure on the part of any person to end the incarceration of Steven Mitchell Qualls through the provision of bail or bond or any other action which might have served to remove him from the custody of the City of Jasper prior to his death.

GRANTED: _____ / DENIED: _____