UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FRANCES EARLINE SIMS, individually and as dependent administrator of, and on behalf of, the ESTATE OF STEVEN MITCHELL QUALLS and STEVEN MITCHELL QUALLS' heir(s)-at-law, | § § § § § § | |
| Plaintiff, | § § | CIV.  ACT.  NO. 1:20-CV-00124-MJT |
| v. | § § | JURY DEMANDED |
| CITY OF JASPER, TEXAS; TODERICK D. GRIFFIN; STERLING RAMON LINEBAUGH; HEATHER RENE O'DELL, and JOSHUA L. HADNOT, | § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S RESPONSES TO DEFENDANTS, CITY OF JASPER, TEXAS, AND OFFICERS TODERICK D. GRIFFIN, STERLING RAMON LINEBAUGH, HEATHER RENE O'DELL AND JOSHUA L. HADNOT'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants have made thirty-six motions *in limine*.  Plaintiff's response to the individual motions is presented below.

1. Any reference or document referring to an arrest of any named defendant, including any arrest of Sterling Linebaugh, which did not result in a conviction and in fact was ordered expunged.

Plaintiff does not object to this motion, providing it is made mutual to any arrests of Plaintiff and Steven Mitchell Qualls, excepting Steven Mitchell Qualls's arrest on January 28, 2019.  This motion is similar to Plaintiff's motions *in limine* D1 (concerning Plaintiff) and D2 (concerning Steven Mitchell Qualls).

2. Any evidence and/or testimony that Steven Mitchell Qualls was on a previous occasion assaulted by a City of Jasper Police Department employee.

Plaintiff objects that such evidence[1] is relevant to explain the context of the interaction between Steven Mitchell Qualls with City of Jasper police during the incident made the basis of this litigation.  Such evidence also demonstrates patterns, practices, and/or customs of the City of Jasper in dealings between citizens and police, and with citizens who have been incarcerated, and the awareness of the City of Jasper concerning such events, and is directly relevant to the Plaintiff's burden under *Monell*.

3. Any evidence and/or testimony that Steven Mitchell Qualls complained of his treatment on a previous occasion by the City of Jasper Police Department or while at the City of Jasper Holding Facility.

Plaintiff objects that such evidence is relevant to explain the context of the interaction of Steven Mitchell Qualls with City of Jasper employees during the incident made the basis of this litigation.  Such evidence also demonstrates patterns, practices, and/or customs of the City of Jasper in dealings between citizens and police, and with citizens who have been incarcerated, and the awareness of the City of Jasper concerning such events, and is directly relevant to the Plaintiff's burden under *Monell*.

4. Testimony from any person regarding other incidents or alleged deaths while incarcerated in Jasper City Jail without first establishing out of the presence of the jury the incident or death involved the same or similar circumstances to the incident and/or death of Steven Mitchell Qualls.

Plaintiff objects that such evidence demonstrates patterns, practices, and/or customs of the City of Jasper in dealings between citizens and police and with citizens who have been incarcerated, and the awareness of the City of Jasper concerning such events, and is directly relevant to the Plaintiff's burden under *Monell*.  Additionally, the motion is vague as to "same or similar circumstances," about which doubtless the parties will disagree.

5. Any issues or matters of prior conduct by any law enforcement personnel irrelevant to

---

[1] Plaintiff's references to "evidence" within this document are intended to incorporate testimony as well as all other types of evidence unless otherwise noted.

any issue in the instant case and therefore inadmissible under FRE 404(b), including but not limited to any discipline received by Joshua Hadnot, Toderick Griffin, Sterling Linebaugh, and/or Heather Odell.

Plaintiff objects that such evidence demonstrates patterns, practices, and/or customs of the City of Jasper in dealings between citizens and police, with citizens who have been incarcerated, and with employee discipline, including policy violations, and the awareness of the City of Jasper concerning such events, and is directly relevant to the Plaintiff's burden under *Monell*. Additionally, such evidence is relevant to the knowledge, training, and instruction of the Individual Defendants.  As discussed in more specific motions *infra*, both Joshua Hadnot and Mike Peters were disciplined for conduct involving their interactions with citizens during the course of their employment.

6. Any allegation or claim relating to alleged conduct against the City of Jasper, Texas, its police officers and/or employees other than Officers Griffin, Linebaugh, O'Dell and Hadnot for matters unrelated to the incident in question.

Plaintiff objects that this motion *in limine* is so broad as to impact all evidence Plaintiff might present concerning her burden under *Monell*.  It is inappropriate to attempt to prevent a party from demonstrating one argument regarding its policy, practice, and/or custom case (which is, by its nature, informed by patterns which include conduct in matters other than the incident in question) through a motion *in limine*.  As discussed in more specific motions *infra*, both Joshua Hadnot and Mike Peters were disciplined for conduct involving their interactions with citizens during the course of their employment.

7. Any claim, argument or suggestion that a Defendant has refused or hindered the Plaintiff's discovery attempts or efforts in this case absent an express finding by the Court that Defendants failed to comply with any discovery request or requirement as, otherwise, such claims would be untrue and would likely prejudice the jury.

Plaintiff does not object to this motion providing it is made mutual to any suggestion concerning the Plaintiff's refusing or hindering any Defendants' discovery attempts or efforts.  This

motion is similar to Plaintiff's motion *in limine* A7.

       8.  Information regarding how a Plaintiff may spend the proceeds of any award obtained in this case.

Plaintiff does not object to this motion providing it is made mutual.  This motion addresses a

concern similar to that addressed by Plaintiff's motion *in limine* A12.

       9.  That the Plaintiff and the Plaintiff's attorney be instructed not to allude to whether any judgment rendered would ever be paid, or how it would be paid, or when it would be paid, or by whom it would be paid.

Plaintiff does not object to this motion providing it is made mutual to every Defendant and

Defendants' attorneys.  This motion is similar to Plaintiff's motion *in limine* A12.

     10. That any offer of settlement, compromise, or offer of payment was made on behalf of Defendants or Plaintiff.

Plaintiff does not object to this motion providing it is made mutual.  This motion is similar

to Plaintiff's motion *in limine* A5.

     11. Defendants would further move the Court to instruct counsel for Plaintiff that should a general question on voir dire indicate that any member of the jury panel is in the business of adjusting claims, that such member of the panel by brought to the Bench for any further detailed questions.

Plaintiff does not object to this motion providing it is made mutual.

     12. Any matters attempting to compare or assess the relevant wealth of Plaintiff and Defendant(s).

Plaintiff does not object to this motion providing it is made mutual.

     13. Any reference to the circumstances of or the fact of the demotion of Heather Odell from a supervisory position because it occurred well before the incident in question and would be inadmissible to prove character and/or conduct on the occasion of the incident in question.

Plaintiff objects that such evidence demonstrates patterns, practices, and/or customs of the

City of Jasper in dealings between citizens and police, with citizens who have been incarcerated,

and with employee discipline, including policy violations, and the awareness of the City of Jasper

concerning such events, and is directly relevant to the Plaintiff's burden under *Monell*. Additionally, such evidence is relevant to the knowledge, training, instruction, and credibility of the Individual Defendants.

14. Any reference to prior or subsequent lawsuits or claims against the Defendant(s).

Plaintiff objects that this motion *in limine* is so broad as to impact all evidence Plaintiff might present concerning her burden under *Monell*.  It is inappropriate to attempt to prevent a party from demonstrating one argument regarding its policy, practice, and/or custom case (which is, by its nature, informed by patterns which include conduct in matters other than the incident in question) through a motion *in limine*.

15. That neither the Plaintiff nor Plaintiff's attorney be allowed to inform the jury or the veniremen of the effect, or possible effect of their answer to a special issue.

Plaintiff does not object to this motion providing it is made mutual.  This motion is similar to Plaintiff's motion *in limine* A1.

16. Any statement or language contained in Defendants' pleading or Answers to Interrogatories or Answers to Request [sic] for Admissions [sic] unless such pleadings or answers have been properly introduced into evidence.

Plaintiff objects to this motion *in limine* as it as relates to Requests for Admission, as matters admitted under Fed. R. Evid. 36 are merely read into the record (as opposed to being "introduced into evidence") and are conclusively established unless the court permits their withdrawal or amendment.

Plaintiff objects to this motion *in limine* in its entirety as it is overbroad and would prevent Plaintiff from referring to any "statement or language contained" in the listed documents, which covers every word or phrase utilized by Defendants in those documents no matter the context or relevance, rendering Plaintiff mute as to the issues in this case.

17. Any reference to the probable testimony of any witness who will not be called to testify at trial.

Plaintiff does not object to this motion providing it is made mutual.  This motion is similar to Plaintiff's motion *in limine* A9.

18. That neither Plaintiff, nor Plaintiff's witnesses, nor Plaintiff's counsel be permitted to mention, request or in any manner solicit any agreement, stipulation or understanding from Defendants, their witnesses, or their counsel, in the presence of or in the hearing of the prospective jury or jurors ultimately selected, regarding any matter which should arise either before or during the trial of the present lawsuit because such mention or reference can only have the effect of placing Defendants in an awkward and embarrassing situation, and the refusal on the part of Defendants can only serve to general prejudice against these Defendants.

Plaintiff objects that this motion *in limine* is so broad as to encompass the entirety of the matters on trial ("any matter which should arise either before . . . the trial . . .") and a common phrasing of questions ("Would you agree . . .") that may be put to witnesses (including Defendants) during cross-examination.  The breadth of this motion is such that Plaintiff is unable to offer a limitation to which she can agree that might encompass Defendants' intent.

19. That Defendants have filed a Motion in Limine or have in any manner attempted to prevent the Plaintiff and/or Plaintiff's witnesses from introducing evidence at the trial of this litigation.

Plaintiff does not object to this motion providing it is made mutual.  This motion is similar to Plaintiff's motions *in limine* A11 and A14.

20. Any comment on the failure of either party to call witnesses that are subject to subpoena and available to both parties in this cause.

Plaintiff does not object to this motion providing it is made mutual.  This motion is similar to Plaintiff's motion *in limine* A2.

21. That Defendants have filed any objections or motions for summary judgment in this matter.

Plaintiff does not object to this motion providing it is made mutual as to all objections and the summary judgment briefing in this case.

22. The "Golden Rule" or that the jury panel or that the jury should "do unto others as you

would have them do unto you."

Plaintiff does not object to this motion providing it is made mutual.

23. The firm of Calvert Eaves, Clarke & Stelly, LLP, attorneys for Defendants, specialize in handling insurance cases or specialize in the defense of lawsuits or an attempt to categorize the firm in any way.

Plaintiff does not object to this motion providing it is made mutual as to Plaintiff's firm.

24. Mentioning or stating to the jury the probable testimony of a witness who is absent, unavailable or not called to testify.

Plaintiff has offered almost precisely the same motion as her Motion *in Limine* A9 and does not object providing this motion is made mutual.

25. The Defendants further move the Court to require the attorney(s) for the Plaintiff be instructed not to mention during the voir dire examination or at any time during the trial of this case that the trial judge or any appellate court has any right or, in fact, any function in reducing the verdict of the jury in this cause, or more importantly, in reviewing the verdict of the jury to such an extent that the jury might assume that their verdict is only advisory in nature.

Plaintiff does not object to this motion providing it is made mutual as to any manner in which the trial judge or any appellate court might modify the verdict of the jury in this case.

26. The Plaintiff has been told anything by any expert witness concerning any matter for the reason that such revelation would refer to hearsay not subject to proper cross-examination by Defendants' counsel, and for the further reason that such expert testimony would not be admissible without a proper predicate concerning the expert's qualifications and abilities to give such testimony.

Plaintiff objects that this motion *in limine* is so broad as to encompass matters not hearsay pursuant to the Rules of Evidence, matters already admitted in the course of the trial, and matters in violation of the Court's Scheduling Order (Doc. 29) filed June 23, 2020, in which deadlines for objections concerning experts were established.  The breadth of this motion is such that Plaintiff is unable to offer a limitation to which she can agree that might encompass Defendants' intent.

27. That Defendants have had any previous complaints filed against them regarding their work as police officers and/or supervisors.

Plaintiff objects that such evidence demonstrates patterns, practices, and/or customs of the City of Jasper in dealings between citizens and police, with citizens who have been incarcerated, and with employee discipline, including policy violations, and the awareness of the City of Jasper concerning such events, and is directly relevant to the Plaintiff's burden under *Monell*. Additionally, such evidence is relevant to the knowledge, training, and instruction of the Individual Defendants.

28. The outcome of any complaint made against Defendants regarding their work as police officers [ . . . ].

Plaintiff objects that such evidence demonstrates patterns, practices, and/or customs of the City of Jasper in dealings between citizens and police, with citizens who have been incarcerated, and with employee discipline, including policy violations, and the awareness of the City of Jasper concerning such events, and is directly relevant to the Plaintiff's burden under *Monell*. Additionally, such evidence is relevant to the knowledge, training, and instruction of the Individual Defendants.

29. Any post-incident statement by Jasper Police Department employee Mike Peters to the effect of "We are going to end up in another lawsuit."

Plaintiff objects that such evidence demonstrates patterns, practices, and/or customs of the City of Jasper in dealings between citizens and police, with citizens who have been incarcerated, and with employee discipline, including policy violations, and the awareness of the City of Jasper concerning such events, and is directly relevant to the Plaintiff's burden under *Monell*. Additionally, such evidence is relevant to the knowledge, training, and instruction of the Individual Defendants.

30. Any reference to the circumstances of or the fact of a suspension without pay of Joshua Hadnot while employed by the City of Jasper Police Department.

Plaintiff objects that such evidence demonstrates patterns, practices, and/or customs of the

City of Jasper in dealings between citizens and police, with citizens who have been incarcerated, and with employee discipline, including policy violations, and the awareness of the City of Jasper concerning such events, and is directly relevant to the Plaintiff's burden under *Monell*.  (In this instance, the suspension related to Joshua Hadnot's contact with an obviously mentally ill individual in need of attention with whom he did not interact accordingly.)  Additionally, such evidence is relevant to the knowledge, training, and instruction of the Individual Defendants.

> 31. Any reference to the circumstances of or the fact of suspension involving Mike Peters while employed by the City of Jasper Police Department in 2013 [ . . . ].

Plaintiff objects that such evidence demonstrates patterns, practices, and/or customs of the City of Jasper in dealings between citizens and police, with citizens who have been incarcerated, and with employee discipline, including policy violations, and the awareness of the City of Jasper concerning such events, and is directly relevant to the Plaintiff's burden under *Monell*.  (In this instance, the suspension related to Mike Peters's care of individuals whom he had detained with whom he did not interact accordingly.)  Additionally, such evidence is relevant to the knowledge, training, and instruction of the Individual Defendants.

> 32. Any reference to confidential background information obtained upon Toderick Griffin (including but not limited to DEFT_COJ 002078) pursuant to any pre-employment application while applying for or while employed by the City of Jasper Police Department [ . . . ].

Plaintiff objects that such evidence demonstrates patterns, practices, and/or customs of the City of Jasper in dealings between citizens and police, with citizens who have been incarcerated, and with employee discipline, including policy violations, and the awareness of the City of Jasper concerning such events, and is directly relevant to the Plaintiff's burden under *Monell*. Additionally, such evidence is relevant to the knowledge, training, and instruction of the Individual Defendants.

Plaintiff also objects that the phrase "confidential background information" is not a term of art and is not defined by the motion itself.  Consequently, neither Plaintiff nor the Court will be able to discern what is covered by the motion as phrased and Defendants can claim broad protection as convenient.  It is also not clear what would be "confidential background information" when the material has been disclosed in the course of discovery.

33. Any reference to confidential background information obtained upon any City of Jasper employee pursuant to any pre-employment application while applying for or while employed by the City of Jasper Police Department or any other entity [ . . .].

Plaintiff objects that such evidence demonstrates patterns, practices, and/or customs of the City of Jasper in dealings between citizens and police, with citizens who have been incarcerated, and with employee discipline, including policy violations, and the awareness of the City of Jasper concerning such events, and is directly relevant to the Plaintiff's burden under *Monell*. Additionally, such evidence is relevant to the knowledge, training, and instruction of the Individual Defendants.

Plaintiff also objects that the phrase "confidential background information" is not a term of art and is not defined by the motion itself.  Consequently, neither Plaintiff nor the Court will be able to discern what is covered by the motion as phrased and Defendants can claim broad protection as convenient.  It is also not clear what would be "confidential background information" when the material has been disclosed in the course of discovery.

34. Any reference to, or showing of video or transcripts, of any statements or declarations by persons other than City of Jasper employees recorded in the City of Jasper holding facility following the discovery that Stephen [sic] Mitchell Qualls was deceased [ . . . ].

Plaintiff objects to this motion *in limine* because it attempts to invade the telling of the story of the incident itself, which includes the moment of discovery and immediately following same, and appears to contend that the statements or declarations of persons not controlled by Defendant City of Jasper are not relevant and are more prejudicial than probative.  Such statements or declarations

on video are comparable to hearsay exceptions in the rationale for their admissibility.  Evidence of statements or declarations following the discovery of a person thought or known to be deceased can be excepted from hearsay under Fed. R. Evid. 803(1), (2), (3), (4) and a record of same can be excepted under (5) precisely because of the accepted reliability of these statements and individuals who witness an event who are *not* subject to the control of a party are generally accepted to be *more credible* than individuals who are.  Such information is consequently credibly probative and is potentially prejudicial only in the sense that it may not be favorable to Defendant City of Jasper, inappropriate grounds for *limine*.

35. Any reference to, or showing of video or transcripts, of any statements or declaration by City of Jasper employees not named defendants in this matter and/or not shown to have authority to speak on behalf of the City of Jasper, recorded in the City of Jasper holding facility following the discovery that Stephen [sic] Mitchell Qualls was deceased [ . . . ].

Plaintiff objects to this motion *in limine* because it attempts to invade the telling of the story of the incident itself, which includes the moment of discovery and immediately following same, and appears to contend that the statements or declarations of persons not authorized to speak by Defendant City of Jasper are not relevant and are more prejudicial than probative.  Such statements or declarations on video are comparable to hearsay exceptions in the rationale for their admissibility.  Evidence of statements or declarations following the discovery of a person thought or known to be deceased can be excepted from hearsay under Fed. R. Evid. 803(1), (2), (3), (4) and a record of same can be excepted under (5) precisely because of the accepted reliability of these statements and individuals who witness an event who are not subject to the authorization of a party are generally accepted to be more credible than individuals who are.   Such information is consequently credibly probative and is potentially prejudicial only in the sense that it may not be favorable to Defendant City of Jasper, inappropriate grounds for *limine*.

36. Any reference to, or showing of video or transcripts, of any statements or declarations by any person who has not been and/or cannot be identified.

Plaintiff objects to this motion *in limine* because it attempts to invade the telling of the story of the incident itself and encompasses any statements or declarations by unidentified persons as if that were grounds alone for lack of admissibility.  Defendants argue that such evidence "would be hearsay," but the lack of identification of a declarant is not what defines hearsay or its exceptions. Evidence of statements or declarations of an unidentified individuals can be excepted from hearsay under Fed. R. Evid. 803 and individuals who witness an event who are not under the control of either party (as presumably an unidentified individual would be) are generally accepted to be more credible than individuals who are.  Such information is consequently credibly probative and is potentially prejudicial only in the sense that it may not be favorable to Defendant City of Jasper, inappropriate grounds for *limine*.

Respectfully submitted,

Law Offices of Dean Malone, P.C.


By: ___/s/   Kristen Leigh Homyk___
    Kristen Leigh Homyk

Attorney-in-Charge:

T. Dean Malone
Texas State Bar No. 24003265
dean@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:    (214) 670-9989
Telefax:        (214) 670-9904

Of Counsel:

Michael T. O'Connor
Texas State Bar No. 24032922
michael.oconnor@deanmalone.com
Kristen Leigh Homyk
Texas State Bar No. 24032433
kristen.homyk@deanmalone.com
Brandie A. Moser
Texas State Bar No. 24123223
brandie.moser@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:    (214) 670-9989
Telefax:        (214) 670-9904

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a notice of electronic filing to the following attorneys:

William S. Helfand
Norman Ray Giles
Lewis Brisbois Bisgaard & Smith LLP – Houston
24 Greenway Plaza, Suite 1400
Houston, Texas 77046

Frank D. Calvert
Calvert Eaves Clarke & Stelly, L.L.P.
Beaumont Tower
2615 Calder Ave., Suite 1070
Beaumont, Texas 77702

Attorneys for Defendants


_____/s/ Kristen Leigh Homyk_____
Kristen Leigh Homyk