UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 16 2023

BY
DEPUTY_____

| | |
|---|---|
| FRANCES EARLINE SIMS, individually and as dependent administrator of, and on behalf of, the ESTATE OF STEVEN MITCHELL QUALLS and STEVEN MITCHELL QUALLS' heir(s)-at-law,<br><br>*Plaintiff*,<br><br>v.<br><br>CITY OF JASPER, TEXAS; TODERICK D. GRIFFIN; STERLING RAMON LINEBAUGH; and HEATHER RENE O'DELL,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § |

CIVIL ACTION NO. 1:20-CV-00124
JUDGE MICHAEL J. TRUNCALE

**VERDICT FORM**

**QUESTION NO. 1**

Do you find from a preponderance of the evidence that one, some, or all of the City of Jasper policies, practices, and/or customs that Plaintiff alleged (1) existed in January 2019; (2) were not reasonably related to a legitimate governmental objective; and (3) caused, either individually or working together, a denial of or delay in medical care for Steven Mitchell Qualls?

Answer "Yes" or "No"

Answer: _No_

Proceed to Question No. 2.

1

**QUESTION NO. 2**

Did Plaintiff prove, by a preponderance of the evidence, that a subordinate of Defendant Toderick Griffin violated Steven Mitchell Qualls' constitutional rights; and that Defendant Toderick Griffin individually maintained a supervisory policy of failing to supervise his subordinates; and the adoption of this policy Defendant Griffin maintained caused the violation of Steven Mitchell Qualls' rights, and that Defendant Toderick Griffin adopted the policy with deliberate indifference?

Answer "Yes" or "No":

Answer: _NO_

Proceed to Question No. 3.

## QUESTION NO. 3

Did Plaintiff prove, by a preponderance of the evidence, that Defendants Toderick Griffin, Sterling Linebaugh, or Heather O'Dell subjected Steven Mitchell Qualls to a substantial risk of serious harm by denying Qualls urgently needed medical care; that Defendants Toderick Griffin, Sterling Linebaugh, and/or Heather O'Dell were deliberately indifferent to that risk; and that the deliberate indifference caused substantial harm to Steven Mitchell Qualls?

Answer "Yes" or "No" for each of the following Defendants:

Toderick Griffin: __NO__

Sterling Linebaugh: __NO__

Heather O'Dell: __NO__

If you answered "Yes" in Questions 2 or 3 for ANY of the Defendants, proceed to Question 4.

If you answered "Yes" in Question 1, and "No" in Questions 2 and 3 for ALL of the Defendants, proceed to Question 5.

If you answered "No" in Question 1, and "No" in Questions 2 and 3 for ALL of the Defendants, proceed no further.

## QUESTION NO. 4

a.  Did Plaintiff prove, by a preponderance of the evidence, that no reasonable officer could have believed that Toderick Griffin's conduct was lawful?

   Answer "Yes" or "No":

   Answer: _____

b.  Did Plaintiff prove, by a preponderance of the evidence, that no reasonable officer could have believed that Sterling Linebaugh's conduct was lawful?

   Answer "Yes" or "No":

   Answer: _____

c.  Did Plaintiff prove, by a preponderance of the evidence, that no reasonable officer could have believed that Heather O'Dell's conduct was lawful?

   Answer "Yes" or "No":

   Answer: _____

   Proceed to Question No. 5.

## QUESTION NO. 5

Do you find from a preponderance of the evidence that the violation(s) of Steven Mitchell Qualls' constitutional rights, which you found above, proximately caused Steven Mitchell Qualls' conscious pain and suffering and/or death, meaning that Steven Mitchell Qualls' conscious pain and suffering and/or death were a reasonably foreseeable result of the Defendants' violation of Steven Mitchell Qualls' rights?

Answer "Yes" or "No"

Answer: _____

If your answer to Question 5 is "No," do not answer Question 6.

If your answer to Question 5 is "Yes," answer Question 6.

## QUESTION NO. 6

a. What sum of money, if paid now in cash, would fairly and reasonably compensate Steven Mitchell Qualls' estate for the damages, if any, you have found Defendants caused Steven Qualls?

Answer in dollars and cents for the following items and none other:

Conscious Pain and Suffering                Answer: _____

b. What sum of money, if paid now in cash, would fairly and reasonably compensate Frances Sims the damages, if any, you have found Defendants caused Frances Sims?:

Answer in dollars and cents for the following items:

Past Mental Anguish                         Answer: _____

Future Mental Anguish                       Answer: _____

Loss of Steven Mitchell Qualls' Companionship   Answer: _____

c. What sum of money, if paid now in cash, would fairly and reasonably compensate L.H. for the damages, if any, you have found Defendants caused L.H?:

Answer in dollars and cents for the following items:

Loss of Steven Mitchell Qualls' Companionship   Answer: _____

Our verdict is unanimous. All of us have agreed to each and every answer. The presiding juror has signed the certificate for all of us as set forth below.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬  02/16/2023
Signature of Presiding Juror        Date